[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 06-14034
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 05-20786-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE BARLATIER,

Defendant-Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------------------------------

**(July 30, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mike Barlatier appeals his conviction after a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  No reversible error has been shown; we affirm.

At Barlatier's trial, officers, who were executing an arrest warrant against Barlatier, testified that they found Barlatier in the driver's seat of a car with "Mr. Bethel" in the front passenger seat.  As officers removed Barlatier from the car, they saw a gun on the floorboard near the driver's seat.  Barlatier was charged with possession of the firearm.

During closing arguments at Barlatier's trial, Barlatier's lawyer asked the jury to consider "who is Bethel, where is he.".  Bethel did not testify at Barlatier's trial.  During the government's closing argument, the government stated that, although the burden of proof rested only with the government, both parties had the ability to present witnesses and either party could have called Bethel as a witness. The district court later instructed the jury that the government has the burden of proving a defendant guilty beyond a reasonable doubt and that a defendant is not required to prove his innocence or to produce evidence at trial.  The district court also gave the jury this instruction:

> There are people whose names you heard during the course of the
> trial but who did not appear to testify.  One or more of the attorneys
> has referred to their absence from the trial.  I instruct you that each

2

party had an equal opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called. Their absences should not affect your judgment in any way. You should remember any instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

On appeal, Barlatier contends that, although both parties have subpoena power, only the government can grant immunity or offer a sentence reduction to a witness who might give incriminating testimony. Therefore, he asserts that the government and a defendant do not -- as the district court instructed the jury -- have "equal opportunity" to call a witness; so Barlatier contends that the district court's jury instruction was misleading. We reject this argument.[1]

We have explained that "[i]t is not prejudicial for the jury to know that witnesses may be called by either side." United States v. Esle, 743 F.2d 1465, 1478 (11th Cir. 1984), overruled on other grounds by United States v. Blankenship, 382 F.3d 1110, 1122 n.23 (11th Cir. 2004); see also United States v. Hernandez, 145 F.3d 1433, 1439 (11th Cir. 1998) ("[W]hile a prosecutor may not

_____

[1]We usually review a district court's jury instructions under a deferential standard of review; and we will reverse only "if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." United States v. Puche, 350 F.3d 1137, 1148 (11th Cir. 2003) (internal quotation omitted). But the government asserts that we should review Barlatier's challenge to the jury instructions given in this case only for plain error because Barlatier did not adequately state to the district court his grounds for his objection to the proposed jury instructions. We need not decide this issue because, for the reasons that will be discussed, Barlatier's argument fails under either standard of review.

comment about the absence of witnesses or otherwise attempt to shift the burden of proof, it is not improper for a prosecutor to note that the defendant has the same subpoena powers as the government, particularly when done in response to a defendant's argument about the prosecutor's failure to call a specific witness.") (internal quotation omitted).[2]  In this case, although the district court instructed the jury that both parties could call witnesses for trial, the district court's instructions also made clear that the burden of proof rested only with the government. Barlatier has offered no authority indicating that the district court was required to instruct the jury that the government potentially could offer immunity or recommend a sentence reduction for a testifying witness.  The district court's jury instructions were not misleading or a misstatement of the law.

We affirm Barlatier's conviction.

**AFFIRMED.**

---

[2]Barlatier asserts that "defense counsel did not comment on Bethel's absence [at] trial"; and he argues that his situation is distinguishable from cases -- and specifically our decision in Esle -- which "involve argument by the prosecutor in response to a challenge by defense counsel."  But during the defense's closing argument, Barlatier's lawyer stated, "If any of the Government's inconsistencies, any testimony doesn't add up, police work that you consider to be less than stellar, gaps, missing things, who is Bethel, where is he . . . any of those things you should weigh very carefully.  If they trouble you, the only right thing to do is vote not guilty . . . ." (emphasis added).  Therefore, Barlatier's lawyer commented on Bethel's absence; and we are unpersuaded by Barlatier's claim that his case is distinct from our decision in Esle.